Date signed June 12, 2007



PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| STEPHEN HENRY McGEE, JR. | : | Case No. 05-33727PM |
| GLORIA ANN McGEE | : | Chapter 13 |
| Debtors | : | |
| ------------------------------ | : | |
| TIMOTHY P. BRANIGAN, Trustee | : | |
| Plaintiff | : | |
| vs. | : | Adversary No. 06-1647PM |
| STEPHEN HENRY McGEE, JR. | : | |
| GLORIA ANN McGEE | : | |
| Defendants | : | |
| ------------------------------ | : | |

## MEMORANDUM OF OPINION
### (Not for Publication)

This case came before the court on the Complaint filed by Timothy P. Branigan, Chapter 13 Trustee ("Trustee"and "Plaintiff"), to avoid a fraudulent transfer of Debtor Gloria Ann McGee's ("Debtor") interest in the residence of the Debtors known as 19862 Preference Way, Valley Lee, Maryland. The property was conveyed from the Debtor to herself and her husband, Stephen Henry McGee, Jr., as tenants by the entirety by Deed recorded May 20, 2004. There was no consideration for the transfer. The matter came before the court for trial on June 6, 2007, and the court received into evidence 12 exhibits of the Plaintiff, as well as testimony of the Debtors.

The Complaint is in three Counts. Counts 1 and 2, brought under Md. Com. Law Code Ann. §§ 15-201--214, the Maryland Uniform Fraudulent Conveyance Act, and Count 3, brought under Md. Fam Law Code Ann. § 4-301(d). The right to rely upon these state law provisions is granted under § 544(b)(1) of the Bankruptcy Code, that provides:

> **11 U.S.C. § 544. Trustee as lien creditor and as successor to certain creditors and purchasers**
>
> (b)(1) Except as provided in paragraph (2), the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.

This power springs only from the right of an actual creditor in existence at the time of the filing of the case. *See generally*, R.I. Aaron, *Bankruptcy Law Fundamentals*, § 10:10 (2006). This is a form of quasi-subrogation. To use the vernacular, in order to get his foot in the door, a trustee must establish that there was a creditor existing at the time of the transfer who was still around at the time of the filing of the bankruptcy case. In other words, if any existing unsecured creditor could reach an asset of the debtor outside of bankruptcy, the trustee can use § 544(b) to obtain that asset for the bankruptcy estate for division among all unsecured creditors, not just the triggering creditor. *In re Leonard*, 125 F.3d 543, 544-45 (CA7 1997); *cf, Levy v. Kindred*, 854 F.2d 682, 684-5 (CA4 1988).

To meet this burden the Trustee offered Plaintiff's Exhibit No. 12 that reflects six creditors with open balances. Four of these creditors are shown as joint creditors. The transfer of an asset owned wholly Gloria A. McGee to herself and Stephen H. McGee, Jr., did not prejudice a joint creditor in any respect. A fifth creditor is the creditor of Stephen McGee alone. The sixth open creditor is shown as a creditor of Gloria McGee only in the sum $232.00 for an account opened in April, 2005, after the transaction in question. An earlier obligation to the same creditor was a joint contractual liability and subject to the same ruling as set forth above. Similarly, an obligation on page 4 of the Exhibit referred to by the Plaintiff's attorney appears to have been for an account opened after the transaction in question.

In short, the court finds no "triggering" creditor upon whom the Trustee can rest his case. This leaves Count 1 of the Complaint that alleges a fraudulent transfer under § 548(a)(1) of the Bankruptcy Code, that provides:

**11 U.S.C. § 548.**

(a)(1) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily--

(A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or

(B)(i) received less than a reasonable equivalent value in exchange for such transfer or obligation; and

(ii)(I) was insolvent on the date that such transfer was mde or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

(II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; or

(III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

The court finds from its observation of the Debtors that the transfer of the property and the refinancing loans secured by it were done with the honest intention of paying down some debts and improving their business, Gloria's Pawn Shop. The court, again based upon its observation, does not find that the transaction was made with intent to hinder, delay or defraud any creditor. With respect to the second aspect of § 548(a)(1) of the Bankruptcy Code, the court does find as a fact that the transfer by Gloria A. McGee to Stephen H. McGee, Jr., was made for no consideration nor any reasonably equivalent value. The court does not find from the record that at the date of the transfer that the Debtor was insolvent or that she became insolvent as a result of the transfer. The court finds further that there was no evidence that she was continuing to engage in her pawn shop business with unreasonably small capital. The court finds no evidence or possible inferences in the record to support the proposition that this Debtor, Gloria A. McGee, intended to incur debts beyond her ability to repay them. In any event, regardless of this finding, the transfer occurred more than one year before the date of the filing of the petition. Thus, recovery under 11 U.S.C. § 548 is barred by the plain meaning of the statute.

The court finds also that the Plaintiff has not sustained his burden under the Family Law Provision that this transfer between the McGees was made in prejudice of the rights of existing creditors. An appropriate order will be entered.

cc:
Timothy P. Branigan, Esquire, P.O. Box 1902, Laurel MD 20725-1902
Robert W. Thompson, Esq., 134 Holiday Court, Suite 301, Annapolis, MD 21401
Stephen/Gloria McGee, PO Box 399, Great Mills, MD 20634
Stephen/Gloria McGee, 19862 Preference Way, Valley Lee, MD 20692

**End of Memorandum**